FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA** JUN 27  PM 1:17
**TAMPA DIVISION**

CLERK U S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

Richard H Hartman II
    Plaintiff

v.

CIVIL FILE NO:

8:11-CV-1423-T-26EAJ

Valentine & Kebartas, Inc.
Giselle Albright
Frank Palermo
Eric Martin
Vickie Castello
        Defendants

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Richard H Hartman II, brings this action against Defendants on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of a consumer debt. Plaintiff, an individual, institutes this action for statutory damages against each Defendant and actual damages from Defendants, as well as attorney fees and the costs of this action Jointly and Severally against all Defendants, for violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 *et seg,* the Florida Consumer Collections Practices Act (Hereinafter FCCPA) Title XXXIII, Chapter 559, Part

VI of the Florida Statutes, and the Telephone Consumer Protection Act (Hereinafter "TCPA") 47 U.S.C. § 227.

## PARTIES

1. Plaintiff is a natural person, residing in the city of Hudson, Pasco County, Florida.

2. Defendant Valentine is a Massachusetts corporation engaged in the business of collecting debts, with its principal place of business located at 15 Union St, Lawrence, MA 01840.

3. Defendant Valentine may be served upon its registered agent Robert M. Kebartas, 15 Union St, Lawrence, MA 01840.

4. Defendant Valentine is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

5. Defendant Valentine regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant Valentine is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692A(6).

7. Defendant Giselle Albright is an employee of Valentine & Kebartas, Inc.

8. There may be an error in the spelling of Defendant Giselle Albright's name. Any error will be identified through discovery and will be corrected in an amendment to this Complaint.

9. Defendant Frank Palermo is an employee of Valentine & Kebartas, Inc.

10. There may be an error in the spelling of Defendant Frank Palermo's name. Any error will be identified through discovery and will be corrected in an amendment to this Complaint.

11. Defendant Eric Martin is an employee of Valentine & Kebartas, Inc.

12. There may be an error in the spelling of Defendant Eric Martin's name. Any error will be identified through discovery and will be corrected in an amendment to this Complaint.

13. Defendant Vickie Castello is an employee of Valentine & Kebartas, Inc.

14. There may be an error in the spelling of Defendant Vickie Castello's name. Any error will be identified through discovery and will be corrected in an amendment to this Complaint.

## JURISDICTION AND VENUE

15. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C . § 1331 and 28 U.S.C. § 1367.

16. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## STATUTORY STRUCTURE FDCPA

17. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses (15 U.S.C. § 1692).

18. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt (15 U.S.C. § 1692a[3]).

19. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes (15 U.S.C. § 1692a(5)).

20. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another (15 U.S.C. § 1692a(6)).

21. Under the FDCPA, an employee of a "debt collector" is also a "debt collector" (15 U.S.C. § 1692A(6)).

22. Under the FDCPA, a "debt collector" is responsible for the actions of its employees, (West v. Costen, 558 F. Supp. 564, 573 (W.D.Va. 1983)).

23. Under the FDCPA, a debt collector may not use any false, deceptive or misleading misrepresentation or means in connection with the collection of any debt (15 U.S.C. § 1692e).

24. Under the FDCPA, a debt collector may not threaten to take, or take any action that cannot be legally taken or that is not intended to be taken (15 U.S.C. § 1692e(5)).

25. Under the FDCPA, a debt collector must disclose in the initial and all subsequent communications with a consumer, that the communicator is a debt collector and is attempting to collect a debt (15 U.S.C. § 1692e(11)).

26. Under the FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector (15 U.S.C. § 1692c(b)).

27. Under the FDCPA, a debt collector must immediately cease communication with a consumer, upon receiving written notification that the consumer refuses to pay a debt (15 U.S.C. § 1692c(c)).

28. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages sustained by such person as a result of such failure, as well as statutory damages up to $1,000,

attorney's fees as determined by the Court and the costs of litigation (15 U.S.C. § 1692k).

## STATUTORY STRUCTURE FCCPA

29. Under the FCCPA, a debt collector must not disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false (FCCPA 559.72(5)).

30. Under the FCCPA, a debt collector may not assert the existence of a legal right to attempt to collect a debt when the debt collector knows such legal right does not exist (FCCPA 559.72(9)).

31. Any debt collector who fails to comply with any provision of FCCPA 559.72 is liable for actual damages, statutory damages not to exceed $1,000, reasonable attorney's fees and court costs (FCCPA 559.77(2)).

## STATUTORY STRUCTURE TCPA

32. Under the TCPA, it is unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, to make any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or any service which the

called party is charged for the call without the express consent of such person (47 U.S.C. § 227 (b)(1)(A)(iii)).

33. Under the TCPA, all artificial or prerecorded telephone messages shall, at the beginning of the message, state clearly the identity of the business, individual or other entity that is responsible for initiating the call (47 U.S.C. § 227 (b)(2), specifically 47 C.F.R. 64.1200(b)(1)).

34. Under the TCPA, a person who violates the forgoing section is liable for damages of $500 per violation (47 U.S.C. § 227 (b)(3)(B)).

35. If the Court finds the Defendant willfully and knowingly violated the forgoing section, the court may award treble damages to the Plaintiff for such violations (47 U.S.C. § 227 (b)(3)).

## FACTS

36. Plaintiff is involved in a dispute with GTE Federal Credit Union over an alleged debt.

37. The alleged debt Defendants were attempting to collect was incurred for the personal, family, or household use of the Plaintiff.

38. Defendant Valentine & Kebartas, Inc. was contracted by GTE Federal Credit Union as a debt collector to collect the alleged debt.

39. Defendant Valentine & Kebartas, Inc. began calling Plaintiff regarding the alleged debt on or about February 24, 2011.

40. The telephone number Defendant Valentine & Kebartas, Inc. used to call Plaintiff was 813-486-8287.

41. 813-486-8287 is the number assigned to Plaintiff's cellular telephone.

42. Plaintiff never, at any time prior to or during this dispute, authorized Defendants to call Plaintiff's cellular telephone.

43. Defendant Valentine & Kebartas, Inc. called Defendant numerous times at 813-486-8287 for a period of approximately one week in February and March of 2011.

44. On March 1, 2011, Plaintiff sent Defendant Valentine & Kebartas, Inc. a letter to 15 Union St, Lawrence, MA 01840 via the U.S. Mail (attached hereto as Exhibit "A").

45. The March 1, 2011 letter informed Defendant Valentine & Kebartas, Inc. that Plaintiff refused to pay the alleged debt.

46. The March 1, 2011 letter also informed Defendants Plaintiff did not consent to calls on his cellular phone, and demanded Defendants immediately cease calling Plaintiff on the telephone.

47. Defendant Valentine & Kebartas, Inc. stopped calling Plaintiff for several months after receiving the March 1, 2011 letter.

48. On June 2, 2011, at approximately 9:11 A.M., Defendant Giselle Albright called Plaintiff in an attempt to collect the alleged debt.

49. The June 2, 2011 telephone call by Defendant Albright was made using an automatic telephone dialing system.

50. The June 2, 2011 telephone call from Defendant Albright began with a prerecorded message prior to Defendant Albright coming on the line.

51. The prerecorded message at the beginning of the June 2, 2011 call did not state the identity of the business, individual or other entity responsible for initiating the call.

52. During the June 2, 2011 telephone call, Defendant Albright acknowledged having received Plaintiff's refusal to pay the alleged debt.

53. On June 3, 2011, at approximately 8:40 A.M., Defendant Frank Palermo called Plaintiff in an attempt to collect the alleged debt.

54. The June 3, 2011 telephone call by Defendant Palermo was made using an automatic telephone dialing system.

55. The June 3, 2011 telephone call from Defendant Palermo began with a prerecorded message prior to Defendant Palermo coming on the line.

56. The prerecorded message at the beginning of the June 3, 2011 call did not state the identity of the business, individual or other entity responsible for initiating the call.

57. During the 6/3/2011 telephone call, Defendant Frank Palermo informed Plaintiff a collections letter had been sent to Plaintiff the prior day.

58. During the 6/3/2011 telephone call Defendant Palermo made numerous implied threats to Plaintiff.

59. The 6/3/2011 threats by Defendant Palermo included taking Plaintiff's assets if the debt was not paid.

60. The 6/3/2011 threats by Defendant Palermo included suing Plaintiff if the alleged debt wasn't paid in the month of June, 2011.

61. During the 6/3/11 telephone call, Defendant Frank Palermo never informed Plaintiff that the call was from a debt collector.

62. On June 4, 2011, at approximately 8:11 A.M., Defendant Valentine called Plaintiff on the telephone using an automatic telephone dialing system.

63. Plaintiff did not answer the 6/4/11 call from Valentine.

64. Valentine left a pre-recorded message during its 6/4/2011 telephone call to Plaintiff.

65. The prerecorded message during the June 4, 2011 call did not state the identity of the business, individual or other entity responsible for initiating the call until the end of the message.

66. In the 6/4/11 message left by Defendant Valentine, Valentine stated that the call was from a debt collector.

67. The message left by Valentine on 6/4/2011 was unwittingly heard by Ms. Dawn Wurtenberg, a third party.

68. Ms. Wurtenberg is not a relative of the Plaintiff.

69. Ms. Wurtenberg is not involved in the dispute in any way.

70. Plaintiff never, at any time prior to or during this dispute, authorized Defendant Valentine to disclose information regarding the alleged debt to a third party.

71. On June 6, 2011, at approximately 12:37 P.M., Defendant Eric Martin called Plaintiff in an attempt to collect the alleged debt.

72. The June 6, 2011 telephone call by Defendant Martin was made using an automatic telephone dialing system.

73. The June 6, 2011 telephone call from Defendant Martin began with a prerecorded message prior to Defendant Martin coming on the line.

74. The prerecorded message at the beginning of the June 6, 2011 call did not state the identity of the business, individual or other entity responsible for initiating the call.

75. During the 6/6/11 telephone call, Defendant Eric Martin acknowledged having received Plaintiff's refusal to pay the alleged debt.

76. During the 6/6/11 telephone call, Defendant Eric Martin informed Plaintiff Valentine had mailed a letter to Plaintiff the previous week.

77. During the 6/6/11 telephone call, Defendant Eric Martin told Plaintiff he would fax a collections letter to Plaintiff right away.

78. The 6/6/11 telephone call from Defendant Eric Martin to Plaintiff was six minutes long.

79. In his six-minute telephone call to Plaintiff on 6/6/11, Defendant Eric Martin did not inform Plaintiff the call was from a debt collector until five minutes and fifty seconds after the phone call had started.

80. On June 13, 2011, Defendant Valentine & Kebartas, Inc., and the Plaintiff spoke on the telephone two times.

81. Defendant Valentine & Kebartas, Inc. did not inform Plaintiff it was a debt collector during either of the 6/13/11 telephone conversations.

82. One of the June 13, 2011 telephone conversations was with Defendant Vickie Castello.

83. During the June 13, 2011 conversation with Defendant Vickie Castello, Defendant Castello did not inform Plaintiff he was communicating with a debt collector.

84. During the June 13, 2011 conversation with Defendant Vickie Castello, Defendant Castello told Plaintiff she would mail a collections letter to Plaintiff on that day.

85. Also on June 13, 2011, Defendant Vickie Castello left a recorded telephone message for Plaintiff.

86. Defendant Vickie Castello did not inform Plaintiff the call was from a debt collector in her 6/13/2011 telephone message.

87. As of the date this Complaint was filed, Plaintiff has never received any written correspondence from Defendants.

## CAUSES OF ACTION

### COUNT I

### FDCPA VIOLATIONS BY DEFENDANT GISELLE ALBRIGHT

88. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

89. Defendant Albright's June 2, 2011 telephone call to Plaintiff, after Plaintiff had provided written notice of his refusal to pay the alleged debt to Defendants, violated 15 U.S.C. § 1692c(c).

### COUNT II

### TCPA VIOLATIONS BY DEFENDANT GISELLE ALBRIGHT

90. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

91. Defendant Albright's June 2, 2011 telephone call to Plaintiff's cellular phone, which was made with an automatic telephone dialing system, violated 47 U.S.C. § 227 (b)(1)(A)(iii).

92. The prerecorded message at the beginning of Defendant Albright's June 2, 2011 telephone call to Plaintiff, did not identify the business, individual or other entity initiating the call, violating 47 C.F.R. 64.1200(b)(1).

## COUNT III

## FDCPA VIOLATIONS BY DEFENDANT FRANK PALERMO

93. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

94. Defendant Palermo's June 3, 2011 telephone call to Plaintiff, after Plaintiff had provided written notice of his refusal to pay the alleged debt to Defendants, violated 15 U.S.C. § 1692c(c).

95. Defendant Palermo's June 3, 2011 false representation regarding the collections letter that was supposed to have been sent to Plaintiff on 6/2/2011 violated 15 U.S.C. § 1692e.

96. Defendant Palermo's June 3, 2011 threat to take Plaintiff's assets and recommend suing Plaintiff violated 15 U.S.C. § 1692e(5).

97. Defendant Palermo violated 15 U.S.C. § 1692e(11) when he did not identify himself as a debt collector during his June 3, 2011 phone call.

## COUNT IV

### FCCPA VIOLATIONS BY DEFENDANT FRANK PALERMO

98. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

99. Defendant Palermo's June 3, 2011 threat to take Plaintiff's assets and recommend suing Plaintiff violated FCCPA 559.72(9).

## COUNT V

### TCPA VIOLATIONS BY DEFENDANT FRANK PALERMO

100. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

101. Defendant Palermo's June 3, 2011 telephone call to Plaintiff which was made with an automatic telephone dialing system, violated 47 U.S.C. § 227 (b)(1)(A)(iii).

102. The prerecorded message at the beginning of Defendant Palermo's June 3, 2011 telephone call to Plaintiff, did not identify the business, individual or other entity initiating the call, violating 47 C.F.R. 64.1200(b)(1).

## COUNT VI

### FDCPA VIOLATIONS BY DEFENDANT ERIC MARTIN

103. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

104. Defendant Martin's June 6, 2011 telephone call to Plaintiff, after Plaintiff had provided written notice of his refusal to pay the alleged debt to Defendants, violated 15 U.S.C. § 1692c(c).

105. Defendant Martin's June 6, 2011 false representation regarding the collections letter that was supposed to have been sent to Plaintiff the previous week violated 15 U.S.C. § 1692e.

106. Defendant Martin's June 6, 2011 false representation that he would fax a collections letter to Plaintiff right away, and then not doing so, violated 15 U.S.C. § 1692e.

107. Defendant Martin violated 15 U.S.C. § 1692e(11) by waiting until the very end of the June 6, 2011 telephone conversation to identify himself as a debt collector.

## COUNT VII

## TCPA VIOLATIONS BY DEFENDANT ERIC MARTIN

108. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

109. Defendant Martin's June 6, 2011 telephone call to Plaintiff which was made with an automatic telephone dialing system, violated 47 U.S.C. § 227 (b)(1)(A)(iii).

110. The prerecorded message at the beginning of Defendant Martin's June 6, 2011 telephone call to Plaintiff, did not identify the business, individual or other entity initiating the call, violating 47 C.F.R. 64.1200(b)(1).

## COUNT VIII

### FDCPA VIOLATIONS BY DEFENDANT VICKIE CASTELLO

111. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

112. Defendant Castello violated 15 U.S.C. § 1692e(11) when she did not identify herself as a debt collector in the 6/13/2011 telephone message she left Plaintiff.

113. Defendant Castello violated 15 U.S.C. § 1692e(11) when she did not identify herself as a debt collector during the 6/13/2011 telephone conversation she had with Plaintiff.

114. Defendant Castello's June 13, 2011 false representation that she would mail a collections letter to Plaintiff that day, and then not doing so, violated 15 U.S.C. § 1692e.

## COUNT IX

### FDCPA VIOLATIONS BY
### DEFENDANT VALENTINE & KEBARTAS, INC.

115. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

116. Defendant Valentine & Kebartas, Inc. violated 15 U.S.C. § 1692g by not sending Plaintiff a written notice of the alleged debt.

117. The 6/2/11 telephone call from Defendant to Plaintiff, after Plaintiff had informed Defendant it was refusing to pay the alleged debt, violated 15 U.S.C. § 1692c(c).

118. The 6/3/11 telephone call from Defendant to Plaintiff, after Plaintiff had informed Defendant it was refusing to pay the alleged debt, violated 15 U.S.C. § 1692c(c).

119. The 6/3/11 telephone call from Defendant to Plaintiff, in which Defendant falsely represented to Plaintiff that written notice of the alleged debt had been mailed the previous day, violated 15 U.S.C. § 1692e.

120. The 6/3/11 telephone call from Defendant to Plaintiff, in which Defendant never informed Plaintiff it was a debt collector, violated 15 U.S.C. § 1692e(11).

121. Defendant's June 3, 2011 threat to take Plaintiff's assets and recommend suing Plaintiff violated 15 U.S.C. § 1692e(5).

122. The 6/4/11 telephone call from Defendant to Plaintiff, after Plaintiff had informed Defendant it was refusing to pay the alleged debt, violated 15 U.S.C. § 1692c(c).

123. The message Defendant left on Plaintiff's answering machine on 6/4/11 violated 15 U.S.C. § 1692c(b) when the message was heard by a third party.

124. The 6/6/11 telephone call from Defendant to Plaintiff, after Plaintiff had informed Defendant it was refusing to pay the alleged debt, violated 15 U.S.C. § 1692c(c).

125. The 6/6/11 telephone call from Defendant to Plaintiff, during which Defendant falsely informed Plaintiff it would fax a written notice of the alleged debt, and never did, violated 15 U.S.C. § 1692e.

126. The 6/6/11 telephone call from Defendant to Plaintiff, during which Defendant waited until the very end of the call to inform Plaintiff the call was from a debt collector, violated 15 U.S.C. § 1692e(11).

127. Each of the three telephone calls between Defendant and Plaintiff on 6/13/11, during which the Defendant never identified itself as a debt collector, violated 15 U.S.C. § 1692e(11).

## COUNT X

### FCCPA VIOLATIONS BY
### DEFENDANT VALENTINE & KEBARTAS, INC.

128. Plaintiff repeats, re-alleges, and incorporates by reference the forgoing paragraphs.

129. Defendant's June 3, 2011 threat to take Plaintiff's assets and recommend suing Plaintiff violated FCCPA 559.72(9).

130. Defendant disclosed the debt to a third party on June 4, 2011 without authorization, thus violating FCCPA 559.72(9).

## COUNT XI

## TCPA VIOLATIONS BY DEFENDANT
## VALENTINE & KEBARTAS, INC.

131. The telephone call Defendant made to Plaintiff on June 2, 2011, using an automatic telephone dialing system, violated 47 U.S.C. § 227 (b)(1)(A)(iii).

132. The prerecorded message at the beginning of Defendant's June 2, 2011 telephone call to Plaintiff, did not identify the business, individual or other entity initiating the call, violating 47 C.F.R. 64.1200(b)(1).

133. The telephone call Defendant made to Plaintiff on June 3, 2011, using an automatic telephone dialing system, violated 47 U.S.C. § 227 (b)(1)(A)(iii).

134. The prerecorded message at the beginning of Defendant's June 3, 2011 telephone call to Plaintiff, did not identify the business, individual or other entity initiating the call, violating 47 C.F.R. 64.1200(b)(1).

135. The pre-recorded telephone message Defendant left for Plaintiff on June 4, 2011, violated 47 U.S.C. § 227 (b)(1)(A)(iii).

136. The prerecorded message Defendant left for Plaintiff on June 4, 2011 did not identify the business initiating the call until the end of the message, violating 47 C.F.R. 64.1200(b)(1).

137. The telephone call Defendant made to Plaintiff on June 6, 2011, using an automatic telephone dialing system, violated 47 U.S.C. § 227 (b)(1)(A)(iii).

138. The prerecorded message at the beginning of Defendant's June 6, 2011 telephone call to Plaintiff, did not identify the business, individual or other entity initiating the call, violating 47 C.F.R. 64.1200(b)(1).

## CLAIM FOR RELIEF

139. Plaintiff suffered severe physical and emotional distress as a result of Defendants' actions.

140. Plaintiff is entitled to statutory damages from Defendant Valentine & Kebartas, Inc. for violations of 15 U.S.C. § 1692c, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692g in an amount not to exceed $1,000.

141. Plaintiff is entitled actual damages from Defendant Valentine & Kebartas, Inc. for violations of 15 U.S.C. § 1692c, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692g in such an amount as is proven at trial.

142. Plaintiff is entitled to statutory damages from Defendant Valentine & Kebartas, Inc. for violations of FCCPA 559.72(5) and FCCPA 559.72(9) in an amount not to exceed $1,000.

143. Plaintiff is entitled to actual damages from Defendant Valentine & Kebartas, Inc. for violations of FCCPA 559.72(5) and FCCPA 559.72(9) in such an amount as is proven at trial.

144. Plaintiff is entitled to treble statutory damages from Defendant Valentine & Kebartas, Inc. for violations of 47 U.S.C. § 227 (b)(1)(A)(iii) in the amount of $1,500 for each violation.

145. Plaintiff is entitled to treble statutory damages from Defendant Valentine & Kebartas, Inc. for violations of 47 U.S.C. § 227 (b)(2), specifically 47 C.F.R. 64.1200(b)(1) in the amount of $1,500 for each violation.

146. Plaintiff is entitled to statutory damages from Defendant Albright for violations of 15 U.S.C. § 1692c, in an amount not to exceed $1,000.

147. Plaintiff is entitled to actual damages from Defendant Albright for a violation of 15 U.S.C. § 1692c, in such an amount as is proven at trial.

148. Plaintiff is entitled to treble statutory damages from Defendant Albright for a violation of 47 U.S.C. § 227 (b)(1)(A)(iii) in the amount of $1,500.

149. Plaintiff is entitled to treble statutory damages from Defendant Albright for violations of 47 U.S.C. § 227 (b)(2), specifically 47 C.F.R. 64.1200(b)(1) in the amount of $1,500.

150. Plaintiff is entitled to statutory damages from Defendant Palermo for violations of 15 U.S.C. § 1692c and 15 U.S.C. § 1692e, in an amount not to exceed $1,000.

151. Plaintiff is entitled to actual damages from Defendant Palermo for violations of 15 U.S.C. § 1692c and 15 U.S.C. § 1692e, in such an amount as is proven at trial.

152. Plaintiff is entitled to statutory damages from Defendant Palermo for violations of FCCPA 559.72(9) in an amount not to exceed $1,000.

153. Plaintiff is entitled to actual damages from Defendant Palermo for violations of FCCPA 559.72(9) in such an amount as is proven at trial.

154. Plaintiff is entitled to treble statutory damages from Defendant Palermo for a violation of 47 U.S.C. § 227 (b)(1)(A)(iii) in the amount of $1,500.

155. Plaintiff is entitled to treble statutory damages from Defendant Palermo for violations of 47 U.S.C. § 227 (b)(2), specifically 47 C.F.R. 64.1200(b)(1) in the amount of $1,500.

156. Plaintiff is entitled to statutory damages from Defendant Martin for violations of 15 U.S.C. § 1692c and 15 U.S.C. § 1692e, in an amount not to exceed $1,000.

157. Plaintiff is entitled to actual damages from Defendant Martin for violations of 15 U.S.C. § 1692c and 15 U.S.C. § 1692e, in such an amount as is proven at trial.

158. Plaintiff is entitled to treble statutory damages from Defendant Martin for a violation of 47 U.S.C. § 227 (b)(1)(A)(iii) in the amount of $1,500.

159. Plaintiff is entitled to treble statutory damages from Defendant Martin for violations of 47 U.S.C. § 227 (b)(2), specifically 47 C.F.R. 64.1200(b)(1) in the amount of $1,500.

160. Plaintiff is entitled to statutory damages from Defendant Castello for violations of 15 U.S.C. § 1692c and 15 U.S.C. § 1692e, in an amount not to exceed $1,000.

161. Plaintiff is entitled to actual damages from Defendant Castello for violations of 15 U.S.C. § 1692c and 15 U.S.C. § 1692e, in such an amount as is proven at trial.

162. Plaintiff is entitled to attorney's fees and the costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard H. Hartman respectfully requests this Honorable Court find in Plaintiff's favor and enter Judgment against the Defendants.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury in this issue of all issues so triable.

Dated this _27th_ day of June, 2011

Respectfully Submitted

Richard H. Hartman, Defendant
12528 Shadow Ridge Blvd
Hudson, FL 34669
813-486-8287
rick@rickhartman.com

PLAINTIFF'S
EXHIBIT
" A "

March 1, 2011

Richard H. Hartman
12528 Shadow Ridge Blvd
Hudson, FL 34669

Valentine & Kebartas
15 Union St.
Lawrence, MA 01840

Dear Valentine & Kebartas,

I have been getting quite a few telephone calls from your organization regarding an alleged debt.

At this time, I hereby notify you that I refuse to pay this debt. In addition, you do not have my consent to call me at 813-486-8287 or any other number, and I hereby demand you stop calling me immediately.

Any further telephone calls will result in my pursuing legal action against you to protect my legal rights.

Sincerely,

Richard H. Hartman